STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

MARK W. BURNS and
ELIZABETH BURNS

v.

C.A. No: 07-0153

COLLEEN CONLEY and FEDERAL
HOME LOAN MORTGAGE
CORPORATION

## VERIFIED COMPLAINT

1. Plaintiffs, Mark W. Burns and Elizabeth Burns, are citizens and residents of Cumberland, Rhode Island.

2. Defendant, Colleen Conley, is a citizen and resident of East Providence, Rhode Island.

3. Defendant, Federal Home Loan Mortgage Corporation, is a federally chartered corporation with its principal place of business in McLean, Virginia.

4. On or about March 8, 1986 Plaintiffs purchased certain real property known as 26 Valley Street, Cumberland, Rhode Island ("the subject premises").

5. The subject premises were encumbered by a certain mortgage owed to Pawtucket Institute for Savings, recorded at Book 313 at Page 13 in the Land Evidence Records in the Town of Cumberland.

6. The said mortgage was assigned to Defendant, Federal Home Loan Mortgage Corporation by virtue of an Assignment recorded in Book 622, Page 441 in the Land Evidence Records in the Town of Cumberland.

7. At some point in 1995, Plaintiffs fell in arrears in the payments of the said mortgage.

8. On or about February 24, 1995, Plaintiff, Mark Burns filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of Rhode Island bearing case No. 95-10408.

9. The first mortgage on the subject property, then held by Chase Home Mortgage Corporation as the result of an assignment, was listed as a debt on the said petition.

10. Defendant, Federal Home Loan Mortgage Corporation, was aware of the pendency of the said petition, and in fact, filed a proof of claim in that petition by and through Harmon Law Offices, P.C.

11. The said Harmon Law Offices, P.C. at all times acted as an agent for the Defendant, Federal Home Loan Mortgage Corporation.

12. On or about March 8, 1995, despite knowledge that the bankruptcy petition had been filed, Defendant, Federal Home Loan Mortgage Corporation, foreclosed on the subject mortgage and transferred the property to itself by way of a Mortgagee's Deed dated March 8, 1995 and recorded in the Land Evidence Records in the Town of Cumberland on March 16, 1995.

13. On or about March 20, 1995, Defendant, Federal Home Loan Mortgage Corporation, filed a Motion to Lift Stay to proceed against the subject premises.

14. On or about July 6, 1995, the Bankruptcy Court issued an Order and Judgment denying the Motion to Lift Stay and declaring the Mortgagee"s Deed to be void.

15. Shortly thereafter, a copy of the Judgment declaring the Mortgagee's Deed to be void was recorded in the Land Evidence Records of the Town of Cumberland.

16. Plaintiffs at all times continued to reside at the subject premises and paid all taxes and other bills relating to the use and occupancy of the subject premises.

17. As a result of the erroneously, and/or improperly, recorded deed, various bills including sewer assessments levied by the Town of Cumberland, were sent to the Federal Home Loan Mortgage Corporation to pay.

18. The said Defendant, Federal Home Loan Mortgage Corporation, undertook a duty to the Plaintiffs to see that said bills were paid or were forwarded to the Plaintiffs in a timely fashion.

19. The Defendant, Federal Home Loan Mortgage Corporation, breached that duty by failing to pay the bills or forward them to Plaintiffs.

20. The Defendant, Federal Home Loan Mortgage Corporation, had a duty to the Plaintiffs to issue a Corrective Deed placing record title back in their name.

21. The defendant breached that duty by failing to re-convey the subject premises to the Plaintiffs.

22. The tax collector of the Town of Cumberland conducted a tax sale on or about September 15, 2005.

23. Upon information and belief, notice of the said tax sale was provided to Defendant, Federal Home Loan Mortgage Corporation.

24. Defendant, Federal Home Loan Mortgage Corporation, never provided notice thereof to the Plaintiffs.

25. No notice of the said tax sale was ever provided directly to the Plaintiffs.

26. Plaintiffs were entitled to such notice as they had an interest in the subject premises.

27. At the said tax sale, the premises were conveyed by the tax collector to Defendant, Colleen Conley.

28. On or about September 29, 2006, Defendant Colleen Conley filed a Miscellaneous Petition in Providence County Superior Court bearing action number PM06-5124.

29. No notice thereof was sent to the Plaintiffs.

30. Upon information and belief, notice thereof was provided to the Defendant, Federal Home Loan Mortgage Corporation.

31. Defendant, Federal Home Loan Mortgage Corporation, never provided any notice thereof to the Plaintiffs.

32. Upon information and belief, the said Defendant, Federal Home

Loan Mortgage Corporation, never filed an Answer or other response to said Petition.

33. The first time Plaintiffs learned of the above was after the decree was entered on November 14, 2006 foreclosing the equity of redemption.

34. The Plaintiffs have been damaged as the result of the foregoing.

**WHEREFORE**, Plaintiffs request judgment as follows:

1. For an Order temporarily, preliminary, and permanently enjoining the Defendants from alienating, encumbering, or otherwise burdening the title to the subject premises and from evicting the Plaintiffs therefrom;

2. For an Order decreeing that the Mortgagee's Deed dated March 8, 1995 is declared to be null and void;

3. For an Order directing the Defendants to execute a deed conveying title to the subject premises to the Plaintiffs herein;

4. For an Order voiding the tax sale of the subject premises and vacating the decree dated November 14, 2006 entered in PM06-5124;

5. For compensatory damages in an amount sufficient to vest exclusive jurisdiction with this Court, together with interest, attorney's fees, costs, and such other and further relief this Court deems just and proper.

## VERIFICATION

I, MARK W. BURNS, duly sworn, deposes and says:

1. I am one of the Plaintiffs in the within action;

2. I have read the within Verified Complaint;

3. The allegations contained therein are true to the best of my knowledge, except for those items alleged upon information and belief and, as to those items, I believe them to be true.

Mark W. Burns

MARK W. BURNS

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Sworn to before me this 29th day of ~~January~~ DECEMBER, 2006.

Bethany M. Whitmarsh
Notary Public BETHANY M. WHITMARSH
My Commission Expires: 5-17-2010

Plaintiffs,
By Their Attorney,

Peter J. Comerford, #3588
COIA & LEPORE, LTD.
226 South Main Street
Providence, RI 02903
Tel. (401)751-5522
Fax (401)751-8383

1/9/07

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

MARK W. BURNS and
ELIZABETH BURNS

Plaintiffs,

v.

C.A. No: 07-0153

COLLEEN CONLEY and FEDERAL
HOME LOAN MORTGAGE
CORPORATION,

Defendants.

**NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Federal Home Loan Mortgage Corporation ("Freddie Mac"), defendant in the above-styled action, has this date filed in the United States District Court for the District of Rhode Island, a Notice of Removal, a copy of which is attached as Exhibit A, thereby effecting removal of this case.

Respectfully submitted this 8 day of February, 2007.

FEDERAL HOME LOAN MORTGAGE
CORPORATION

David M. Rosen
RIBA # 6609
HARMON LAW OFFICES, P.C.
150 California Street
P.O. Box 610389
Newton, MA 02458
(617) 558-0500
Fax (617) 527-0431

**CERTIFICATION**

I hereby certify that I served true copies of the Notice of Filing Notice of Removal and Notice of Removal were served on February 8 , 2007 by mailing via first class mail, postage prepaid, to:

Peter J. Comerford
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Colleen Conley
c/o Patrick T. Conley, Esq.
1445 Wampanoag Trail, Suite 203
East Providence, RI 02915

David M. Rosen

200702-0401