UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Civil Action No: 07-CV-00054-S

| | | |
|---|---|---|
| MARK W. BURNS and ELIZABETH BURNS, Plaintiffs, | ) | |
| v. | ) | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |
| COLLEEN CONLEY and FEDERAL HOME LOAN MORTGAGE CORPORATION, Defendants. | ) | |

NOW COMES, Federal Home Loan Mortgage Corporation ("Freddie Mac"), through counsel, and submits this Memorandum in Support of it Motion to Dismiss the Verified Complaint.

INTRODUCTION

Freddie Mac seeks to dismiss the Complaint for failing to state a claim against Freddie Mac for which relief can be granted. Having said that, while Freddie Mac believes that Plaintiffs are entitled to an order declaring that they hold fee title to the subject premises, and to a declaration that the tax sale and subsequent tax foreclosure were invalid, Freddie Mac does not believe that it is a proper Defendant in this action, and it does not need to be a defendant in order for Plaintiff to obtain this relief.

The genesis of this case dates back to 1995, when Plaintiffs defaulted on their mortgage loan and Freddie Mac instituted foreclosure proceedings. Freddie Mac conducted a foreclosure sale of the property, but three days later Plaintiffs filed for bankruptcy protection. Several days later, Freddie Mac executed the mortgagee's deed and recorded it, purporting to convey title to Freddie Mac. Freddie Mac then moved for relief from the bankruptcy automatic stay, seeking to have the court validate the foreclosure sale and subsequent conveyance. The bankruptcy court, however, denied Freddie Mac's motion and found that the execution and recording of the mortgagee's deed was void, and that a conveyance of the subject premises did not occur. The bankruptcy court's order was recorded in the Town of Cumberland's land records.

Jump forward ten years. The Town of Cumberland conducted a tax sale for the non-payment of sewer charges assessed to the subject premises. But the tax sale was invalid, because the Town failed to provide notice of the sale to Plaintiffs. Nevertheless, Defendant Conley, acting under the mistaken belief that she had acquired title from the Town, filed a petition to foreclose the tax lien. She, likewise, failed to provide notice of the petition to Plaintiffs. The resulting judgment foreclosing and barring all rights of redemption was a nullity.

As explained below, Freddie Mac cannot be liable to Plaintiffs under any theory of recovery that could be conceived from the facts as alleged. Because Plaintiffs were at all relevant times the record owners of the subject premises, all subsequent actions, first by the Town, then by Defendant Conley, were invalid.

## FACTS

The Verified Complaint alleges the following. Plaintiffs purchased real property at 26 Valley Street, Cumberland, Rhode Island (the "subject premises"), which they encumbered with a mortgage that was assigned to Federal Home Loan Mortgage Corporation ("Freddie Mac"). Complaint, ¶¶ 4 & 5. Plaintiffs defaulted on the repayment of their mortgage loan and, on February 24, 1995, filed for Chapter 13 bankruptcy protection. Complaint, ¶¶ 7 & 8. With knowledge of the bankruptcy, on March 8, 1995, Freddie Mac foreclosed on the subject premises and recorded a mortgage deed conveying title to itself in the land records. Complaint, ¶ 12[1]. On March 20, 1995, Freddie Mac filed a motion before the bankruptcy court seeking an order lifting the automatic stay. Complaint, ¶ 13. On July 6, 1995, the bankruptcy court entered an order denying the motion and declaring the foreclosure deed to be void. Complaint, ¶ 14. Plaintiffs recorded the bankruptcy court's order in the land records. Complaint, ¶ 15.

[1] The foreclosure sale in fact occurred 3 days before the bankruptcy filing. The mortgage deed was executed after the filing, on March 8, and recorded on March 16. In Re: Mark W. Burns, 183 B.R. 670, 1995 Bankr. LEXIS 917 (Bankr. D.R.I. 1995).

Plaintiffs further allege the following. After the bankruptcy court entered its order, Plaintiffs continued to reside in the subject premises and pay all taxes and bills relating to the subject premises. Complaint, ¶ 16. However, because of the recorded foreclosure deed, various bills, including sewer assessments levied by the Town of Cumberland, were sent to Freddie Mac to pay, but Freddie Mac failed to either pay them or forward them to Plaintiffs. Complaint, ¶¶ 17 & 18. On September 15, 2005, the Town of Cumberland conducted a tax sale of the subject premises[2], but failed to provide the direct notice to Plaintiffs to which they were entitled. Complaint, ¶¶ 22, 25 & 26. Defendant Colleen Conley purchased the subject premises at the tax sale, but when she filed her "Miscellaneous Petition" on September 29, 2006, she failed to provide notice to Plaintiffs. Complaint, ¶¶ 27, 28 & 29. On November 14, 2006, a decree was entered foreclosing the equity of redemption.

STANDARD OF REVIEW

> A court ruling on a motion to dismiss construes the complaint in the light most favorable to plaintiff, taking all well-pleaded allegations as true and giving plaintiff the benefit of all reasonable inferences. *See Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998). Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *see Hishon v. Kig & Spaulding*, 467 U.S. 69,

[2] The "Collector's Deed", recorded in the Town of Cumberland's land records, in Book 1292, Page 485, on September 20, 2005, recites that the subject premises were sold for the non-payment of sewer assessments.

> 73, 81, l. Ed. 2d 59, 104 S. Ct. 2229 (1984); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990).

Vinagro v. Reitsma, 260 F. Supp. 2d 425; 2003 U.S. Dist. LEXIS 7681 (D.R.I. 2003).

In this Memorandum Freddie Mac refers to, and has appended copies of, documents taken from three separate public records, all of which are identified, with varying degrees of specificity, in the Complaint. The Court may take judicial notice of these records, without converting this motion to a motion for summary judgment.

> The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996). From this amalgam, we extract the well-pleaded facts and draw all reasonable inferences favorable to the complainant. *See Papasan v. Allain*, 478 U.S. 265, 283, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986); *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).

Cruz v. Melecio, 204 F.3d 14; 2000 U.S. App. LEXIS 2292 (1st Cir. 2000).

ARGUMENT

The Complaint fails to state a cause of action against Freddie Mac. Plaintiffs claim that Freddie Mac breached two distinct duties. First, Plaintiffs allege that because the mortgagee's deed was filed of record with the Town of Cumberland, the Town sent the sewer assessments to Freddie Mac to pay. Freddie Mac then had a duty to either pay the assessments, or forward them to Plaintiffs. It is alleged that Freddie Mac breached that duty by failing to either pay or forward the assessments. (¶¶ 17-19.)

Second, Plaintiffs allege that Freddie Mac had a duty to record a corrective deed placing record title back in Plaintiffs, and "by failing to re-convey the subject premises" (¶ 21) it breached its duty to Plaintiffs. (¶¶ 20-21.) As Freddie Mac will show, because Plaintiffs were at all relevant times in record title, Freddie Mac had no duty to pay or forward the assessments. And, because the mortgagee's deed was a nullity, Freddie Mac had no duty to re-convey the subject premises. Thus, Freddie Mac asserts it cannot be liable to Plaintiffs as a matter of law.

Further, although the Complaint contains the allegation "[t]he Plaintiffs have been damaged as the result of the foregoing" (¶ 34) referring to each of the preceding paragraphs in the Complaint, nowhere do Plaintiffs allege how they have been damaged, whether monetarily or otherwise. And, as already alluded to, Plaintiffs cannot possibly have been damaged because the key event relied upon by Plaintiffs – the recording of the mortgagee's deed – was void, a nullity, thus rendering all subsequent acts complained of, invalid.

1. Plaintiffs were at all relevant times the record owners of the subject premises.

a) The intervening bankruptcy filing rendered the purported conveyance of title to Freddie Mac void.

Almost twelve years ago, following a motion hearing involving Plaintiffs and this defendant, Freddie Mac, the bankruptcy court for the District of Rhode Island held: "that

the post-petition transfer of the [subject premises] was at least a technical violation of the automatic stay, and is therefore **void**. *See In re CNN Development Corp*,. 112 Bankr. 1, 2 (Bankr. D.R.I. 1990); *Smith*, 155 Bankr. at 148." In Re: Mark W. Burns, 183 B.R. at 671-672 (emphasis added).

With respect to the state law question of whether there had even been a conveyance of the property, the bankruptcy court ruled:

> Under Rhode Island law, conveyances of land are required to be in writing, duly signed, acknowledged, delivered, and recorded. See R.I. Gen. Laws § 34-11-1. Here, the deed was not signed and acknowledged until March 8, 1995, 12 days after the bankruptcy petition was filed. A fortiori, a conveyance of the subject property did not occur prior to the petition. *See Paliotta v. Celletti*, 68 R.I. 500, 502-503, 30 A.2d 108 (1943) (holding that title by deed only passes upon delivery of the deed, and that the date on the deed is presumed to be the [earliest possible] date of delivery). "[A] sale at auction of mortgaged real estate, without delivery of a deed, does not vest the legal title in the purchaser." *See Tripp v. Ide,* 3 R.I. 51, 53 (1854).

In denying Freddie Mac's Motion for Relief from Stay, the bankruptcy court concluded that: "(2) title did not pass to [Freddie Mac] before the petition was filed because the execution, delivery, and recordation of the deed post-petition are all void under 11 U.S.C. § 362." In Re: Burns, at 672. A copy of the Court's order, as recorded, is attached hereto as Exhibit A.

b) The public record made clear that Plaintiffs were, and remained, record title owners of the subject premises.

The effect of the bankruptcy court's order was that the mortgagee's deed was void *ab initio*. This means that the deed was "of no legal effect: null" and "[n]ull from the beginning [because it] seriously offends law or public policy…." Black's Law Dictionary 1604 (8th ed. 2004). *It is as if the deed was never recorded in the land records*. While recording the bankruptcy court's order in the Town of Cumberland's land records was not necessary to give the order legal effect, by recording it on March 13, 1996, any person searching the town's land records would and should have observed that the mortgagee's deed was of no legal effect. A separate search of the records of the District of Rhode Island's Bankruptcy Court, no less a part of the public record, would have led any competent title examiner to the same conclusion. Indeed, as discussed below, Defendant Conley was required by R.I. Gen. Laws § 44-9-27(b) to employ an attorney or title company "familiar with the examination of land titles" who was to "make an examination of the title sufficient only to determine the persons who may be interested in the title." No competent attorney or title company, examining the public records, should have been in any doubt about the correct state of the title to the subject premises.

2. The tax sale was conducted in violation of the statutory requirements, and was invalid.

On September 20, 2005, Thomas M. Bruce, Finance Director for the Town of Cumberland, purported to convey title to the subject premises by "Collector's Deed" to Defendant Conley. (A copy of the Collector's Deed is attached as Exhibit B, bearing the

recording information affixed to it by the Town Clerk.) The Collector's Deed states, *inter alia*: the subject premises were sold because of the failure to pay certain sewer assessments; the sewer assessments were made against Freddie Mac; the notice of sale was issued to Freddie Mac at an address in Virginia "upon whom said notice of certified mail to owner was served in accordance with statutory provisions pertaining to such notice;" and one hundred percent of the "right, title and interest of" Freddie Mac was conveyed to Defendant Conley.

R.I. Gen. Laws § 44-9-10 specifies the method by which the Town of Cumberland was required to provide notice of the tax sale. It is apparent on the face of the Collector's Deed that the Town of Cumberland failed to comply with the notice provisions set forth in § 44-9-10(a) (providing that notice should have been given to Plaintiffs, as holders of the record title), because the Collector's Deed (fifth paragraph) recites that notice was given only to Freddie Mac in compliance only with the notice provision applicable to corporate title owners as set forth in § 44-9-10(c).[3]

[3] The Collector's Deed also failed to conform to the requirements of § 44-9-12, in that omitted from it is the required statement as to whether notice of the sale was given to the Rhode Island Housing and Mortgage Finance Corporation.

Perhaps because the statute is so clear that deviation from it would seem incomprehensible, there is little case authority directly on point. What there is, however, leaves no room for doubt but that the Town of Cumberland's tax sale was ineffective to deprive Plaintiffs of title. In 1911, the Supreme Court of Rhode Island held that if the recorded owner was not personally notified of a tax sale, the successor-in-interest of the recorded owner was not bound by the tax sale. Baxter v. Patenaude, 32 R.I. 197, 212, 78 A. 625, 1911 R.I. LEXIS 10 (1911). Had the recorded owner at the time of the tax sale been the plaintiff in Baxter, rather than his successor-in-interest, the result would doubtless have been the same. Given that Freddie Mac did not possess fee title to the subject premises, and fee title remained in Plaintiffs, the Collector's Deed conveyed nothing to Defendant Conley.

§ 44-9-35, entitled "Errors and irregularities in proceedings" provides:

> No tax title shall be held to be invalid by reason of any error or irregularity which is **neither substantial nor misleading**, whether the error or irregularity occurs in the proceedings of the collector or the assessors or in the proceedings of any other official or officials charged with duties in connection with the establishment of the tax title, or in the proceedings to foreclose the rights of redemption as set forth in §§ 44-9-25 -- 44-9-33. Failure of notice under §§ 44-9-9, 44-9-10 and 44-9-11 may only be raised by a party who was not sent notice and, if failure of notice is proved, **the collector's sale shall be invalid** only as to that party and no other.

(Emphasis added.)

Even if Freddie Mac is not "authorized" to raise the substantial and misleading errors and irregularities with respect to the Town's failure to follow the notice requirements under §§ 44-9-9, 44-9-10 and 44-9-11, Plaintiffs have raised this objection. (Complaint, ¶ 25.)[4]

3. The Petition to foreclose the tax lien failed to substantially comply with the statutory requirements.

Defendant Conley, despite the fact that she acquired no interest whatever in the subject premises, on September 29, 2006, a year after the recording of the Collector's Deed, filed a Petition to Foreclose the Tax Lien in the Providence Superior Court, PM No. 06-5124[5]. (A copy of the Petition and the Notice of Dispoal and Final Decree in Tax Case is attached hereto as exhibit C.) Prior to filing the Petition, Defendant Conley was required to employ an attorney or title company "familiar with the examination of land titles" who was to "make an examination of the title sufficient only to determine the persons who may be interested in the title, and the petitioner shall, upon the filing of the examiner's report, notify all persons appearing to be interested… of the pendency of the petition, the notice to be sent to each by registered or certified mail and return of receipt required." § 44-9-27(a). A separate document, the Notice of Filing Petition, was

[4] Further, although perhaps unnecessary, Freddie Mac invites Plaintiffs to argue that they timely filed their action to vacate both the tax sale and the Petition, pursuant to § 44-9-24.
[5] What Plaintiffs refer to as the "Miscellaneous Petition." (Complaint, ¶ 28.)

required to contain "the names of all known respondents…." § 44-9-27(b). It is beyond dispute that Defendant Conley failed to comply with these requirements. The Notice of Filing Petition identifies only one party: Freddie Mac. Similarly, the Petition names only Freddie Mac, and demonstrates service only upon Freddie Mac.

While Freddie Mac may not be authorized to raise the substantial and misleading errors and irregularities with respect to the Town's failure to follow the notice requirements under §§ 44-9-9, 44-9-10 and 44-9-11 (§ 44-9-35), nothing prevents Freddie Mac from raising those matters with respect to "the proceedings to foreclose the rights of redemption as set forth in §§ 44-9-25 -- 44-9-33." § 44-9-35. Plaintiffs have made this same objection. (Complaint, ¶ 29.)

Because Defendant Conley's failure to name, and provide notice to, the record owners of the fee title to the subject premises was both substantial and misleading, the Notice of Disposal and Final Decree in Tax Lien Case, declaring "[t]he legal and equitable title to the [subject premises] is hereby vested in [Defendant Conley]" is "**invalid**." § 44-9-35.[6] (A copy of the Notice of Disposal and Final Decree in Tax Lien

---

[6] The Notice of Filing Petition was also defective in that it did not contain "a statement that, unless the notified party shall appear within the fixed time, a default will be recorded, the petition taken as confessed, and the right of redemption forever barred" as required by § 44-9-27(b). Following the statutory requirements is simple enough; the statute even provides the sample forms – in this case Form 6.

Case is attached hereto, both as a part of the record of the Superior Court, and a part of the land records of the Town of Cumberland.)

4. <u>Freddie Mac cannot be liable to Plaintiffs for damages under any conceivable theory of recovery</u>.

Plaintiffs' only allegation that they have been damaged is contained in ¶ 34 of their Complaint: "The Plaintiffs have been damaged as a result of the foregoing." The Complaint is devoid of any detail as to the manner or extent of the alleged damages, or the monetary value of the alleged damages. As discussed above, Freddie Mac did not breach any duties to Plaintiffs because it did not owe any duties to Plaintiffs. There was nothing that Freddie Mac could or should have done to correct the erroneous recording of the mortgagee's deed, because the bankruptcy court took care of that in 1995.

Given that Plaintiffs have at all times relevant to their Complaint been in record title to the subject premises, that the tax sale was invalid and did not divest Plaintiffs of title, that Defendant Conley did not acquire any interest in the subject premises from the Town of Cumberland, and that the Petition failed to foreclose Plaintiff's equity of redemption in the subject premises, Freddie Mac respectfully contends that Plaintiffs have not alleged, and cannot allege, any damages.

Freddie Mac should not be held liable because of the incompetence of other persons and parties, or because of the mistaken beliefs of other persons and parties as to the state of title of the subject premises, or because of the actions taken by those persons and parties founded upon unwarranted and incorrect assumptions and conclusions.

## CONCLUSION

Freddie Mac is aware that the Court has but two options available to it upon this motion – to grant it, or deny it. Granting the motion will cause no harm to Plaintiffs. It would, perhaps, have been more appropriate for Plaintiffs to bring a declaratory judgment action, to confirm their rightful status as fee title owners of the subject premises. For practical purposes, Plaintiffs probably would prefer to secure an order declaring the Collector's Deed invalid, and Defendant Conley's foreclosure petition void[7]. It serves no useful purpose keeping Freddie Mac a party to this action, and because the Complaint fails to state a claim upon which relief can be granted against Freddie Mac, the Court should dismiss Freddie Mac from this action.

Respectfully submitted, this 13th day of February, 2007.

FEDERAL HOME LOAN MORTGAGE CORPORATION

[7] To the extent necessary, Freddie Mac would certainly execute such documents as may be necessary to effectuate the equitable relief sought by plaintiffs in this action.

David M. Rosen
RIBA # 6609
HARMON LAW OFFICES, P.C.
150 California Street
P.O. Box 610389
Newton, MA 02458
(617) 558-0500
Fax (617) 527-0431