BK 662 PG480

#1236

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

\- - - - - - - - - - - - - - - - - - x

In re: :

MARK W. BURNS : BK No. 95-10408
Debtor Chapter 13

\- - - - - - - - - - - - - - - - - - x

DECISION AND ORDER

APPEARANCES:

Gary M. Hogan, Esq.
Attorney for Debtor
14 Cedar Swamp Road
Smithfield, Rhode Island 02917

Daniel D. Gray, Esq.
Attorney for Federal Home Loan Mortgage Corporation
LAW OFFICES OF MARK P. HARMON
27 Needham Street
P.O. Box 388
Newton Highlands, Massachusetts 02161

Andrew Richardson, Esq.
Attorney for Chapter 13 Trustee
BOYAJIAN, HARRINGTON & RICHARDSON
182 Waterman Street
Providence, Rhode Island 02906

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge



EXHIBIT A

Heard on April 12, 1995, on the Motion of Federal Home Loan Mortgage Corporation ("FHL") for Relief from the Automatic Stay, and for leave to evict the Debtor from the property located at 26 Valley Street, Cumberland, Rhode Island.

At issue is whether the Debtor's rights in the property, as of the date of commencement of the case, are superior to those of a pre-petition, foreclosure sale purchaser who failed to record its deed prior to the bankruptcy filing.

BACKGROUND

The relevant (and dispositive) facts are as follows: On February 21, 1995, FHL conducted a foreclosure sale of the subject property and was the successful bidder, in the amount of $70,583. Three days after the sale, on February 24, 1995, Mark Burns filed the instant Chapter 13 petition. The mortgagee's deed was executed/dated March 8, 1995, and on March 16, 1995, FHL recorded its deed in the Town of Cumberland land evidence records.

DISCUSSION

In *Glenwood Assocs.*, 134 B.R. 1012 (Bankr. D.R.I. 1991),[1] we held, pursuant to 11 U.S.C. § 544(a)(3), that the filing of the

[1] On the purchaser's appeal from our order, the proceeding was remanded to the Bankruptcy Court by the District Court, in an unpublished Order. *See In re Glenwood Assocs., Inc.*, C.A. No. 91-660-T (D.R.I. June 25, 1992). Because the parties in *Glenwood* settled their dispute subsequent to the action of the District Court, the remanded order became moot. Nevertheless, we shall address here, as unfinished business, the District Court's concerns in *Glenwood*, since the identical issue is presented herein.



AO 72A
(Rev. 8/82)

bankruptcy petition prior to the recording of the mortgagee's deed subordinates the status of the foreclosure sale purchaser to the rights of the trustee, or the debtor standing in the trustee's shoes. 134 B.R. at 1012. *See also Smith v. Mooney (In re Smith)*, 155 B.R. 145, 147-49 (Bankr. S.D. W.Va. 1993); MacDonald v. Tack *(In re MacDonald)*, 164 B.R. 325, 330-31 (Bankr. C.D. Cal. 1994); *In re Walker*, 861 F.2d 597 (9th Cir. 1988); *but see In re Applewhite*, 106 B.R. 468 (Bankr. S.D. Miss. 1989).

Section 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such purchaser exists.

*Id. See also In re Mill Concepts Corp.*, 123 B.R. 938, 942 (Bankr. D. Mass. 1991).[2]

"[A]lthough the trustee's status is conferred by federal bankruptcy law, his rights vis-a-vis other parties are to be determined by reference to state law." *See Maine Nat'l Bank v. Morse (In re Morse)*, 30 B.R. 52, 54 (Bankr. 1st Cir. 1983); *Smith*, 155 B.R.

---

[2] 11 U.S.C. § 522(h) allows the debtor to exercise these avoidance powers if the trustee elects not to do so.



AO 72A
(Rev. 8/82)

at 147. In Rhode Island, which is a race-notice jurisdiction, the relevant State statute provides that:

> Every conveyance . . . shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated . . . .

R.I. Gen. Laws § 34-11-1; *see also Rhode Island Hosp. Trust Nat'l Bank v. Boiteau*, 376 A.2d 323, 326 (R.I. 1977); *Rebelo v. Cardoso*, 161 A.2d 806, 811 (R.I. 1960).

FHL argues, notwithstanding that its deed was recorded post-petition, that a bona fide purchaser would have had notice of the bank's interest by virtue of the foreclosure advertisements that appeared in the local newspapers. To support its position, FHL cites *McCannon v. Marston*, 679 F.2d 13 (3rd. Cir. 1982), which held that the trustee's strong arm powers under § 544(a)(3) did not overcome a condominium purchaser's unrecorded purchase agreement because, *under Pennsylvania law*, the purchaser's continuous possession of the unit constituted constructive notice to a hypothetical bona fide purchaser. *Id.* at 17. We agree that the Court in *McCannon* correctly noted that the words "without regard to any knowledge" in § 544(a) refer to any personal knowledge the trustee may have regarding the transfer, *id.* at 16; *see also In re Morse*, 30 B.R. at 54, and that § 544(a) "does not give the trustee any greater rights than he, or any other person would have as a bona fide purchaser or creditor *under state law.*" *Id.* (emphasis added.)

On the facts before us, however, we conclude that advertising the foreclosure sale did not provide notice, constructive or otherwise, under *Rhode Island law* to a subsequent bona fide purchaser. "It is well settled that a person who takes a conveyance, with notice of a prior unrecorded transfer, takes it subject to such transfer. A . . . [person], knowing that another has paid money for the deed or mortgage of an estate, cannot by procuring another deed and getting it first recorded, defeat the title of the prior grantee." *Bullock v. Whipp*, 15 R.I. 195, 197 (1885). Here, the notice afforded by a foreclosure advertisement cannot be equated with or elevated to the notice conferred by physical possession, as was the case in *McCannon*, or by the actual knowledge present in *Bullock*, and rule that on our facts, under Rhode Island law, a bona fide purchaser would have neither actual nor constructive notice of FHL's "interest."

We also conclude that the post-petition transfer of the property was at least a technical violation of the automatic stay, and is therefore void. *See In re CNN Development Corp.*, 112 B.R. 1, 2 (Bankr. D.R.I. 1990); *Smith*, 155 B.R. at 148. Under Rhode Island law, conveyances of land are required to be in writing, duly signed, acknowledged, delivered, and recorded. *See* R.I. Gen. Laws § 34-11-1. Here, the deed was not signed and acknowledged until March 8, 1995, 12 days after the bankruptcy petition was filed. *A fortiori*, a conveyance of the subject property did not occur prior to the

BK 662 PG 485 408

petition. *See Paliotta v. Celletti*, 68 R.I. 500, 502-503 (1943) (holding that title by deed only passes upon delivery of the deed, and that the date on the deed is presumed to be the [earliest possible] date of delivery). "[A] sale at auction of mortgaged real estate, without delivery of a deed, does not vest the legal title in the purchaser." *See Tripp v. Ide*, 3 R.I. 51, 53 (1854).[3]

For all of the foregoing reasons, we rule herein that: (1) because the petition was filed before FHL recorded its deed, the "statutory race" has been won by the Debtor, *see* R.I. Gen. Laws § 34-11-1, and the transfer is avoided pursuant to 11 U.S.C. § 544(a); and (2) title did not pass to FHL before the petition was filed because the execution, delivery, and recordation of the deed post-petition are all void under 11 U.S.C. § 362. Accordingly, FHL's Motion for Relief from Stay must be and is DENIED.

Enter Judgment consistent with this opinion.

Dated at Providence, Rhode Island, this 6th day of July, 1995.

RECEIVED
Town of Cumberland
9:14 AM MAR 13 1996
Marianne B. Mulholland
Town Clerk

Arthur N. Votolato
Arthur N. Votolato
U.S. Bankruptcy Judge

[3] The transfer is probably also avoidable under 11 U.S.C. § 549(a) as a post-petition transfer. *See Smith*, 155 B.R. at 147-48. However, we do not so rule herein because, based upon the evidence presented, it is unclear whether the exception provided for in § 549(c) applies to the instant case.

True Copy
Susan M. Thurston
Clerk
By [signature]
Clerk
3/4/96



Entered on docket
Date: 7/6/95

AO 72A
(Rev. 8/82)

RECORDED: 09/20/2005 02:02 PM
BK / PG : 001292 / 000485
Inst Num: 00007792
CUMBERLAND TOWN CLERK'S OFFICE
PAT SKURKA

# COLLECTOR'S DEED

WHEREAS, the Town Council of the Town of Cumberland, in the State of Rhode Island, by resolutions approved and ordered the assessment and collection of sewer assessments on the ratable real estate and tangible personal property and the same was ordered to be levied on the ratable property of said Town, and to be collected in accordance with the directions contained in said resolution and at the time or times specified therein;

AND WHEREAS, the Tax Assessor did assess and apportion said sewer assessments on the inhabitants of said Town, and the ratable property therein, at the time ordered in and by said resolutions;

AND WHEREAS, said Tax Assessor did advertise the time and place of their meetings in The Times and the Valley Breeze, newspapers published in Cumberland, Rhode Island, and did post printed notices in three public places in said Town, for four weeks before assessing the same, requiring every person and body corporate liable to taxation to bring in to them a true and exact account of their ratable estate and describing and specifying the value of every parcel thereof, at said time and place;

AND WHEREAS, said Tax Assessor did then and there assess upon **FEDERAL HOME LOAN MORTGAGE CORP.**, as a portion of said sewer assessments upon **PLAT 16, LOT 229** with a property location of **Valley Street** a portion of said sewer assessments upon the real estate hereinafter described, and whereas said taxes have not been paid;

AND WHEREAS, Thomas M. Bruce, III, Finance Director of the Town of Cumberland, did give notice for four weeks, August 25, September 1, 8 and 15, 2005 in the Valley Breeze and August 25, September 1, 8 and 15, 2005 in The Times, in accordance with statutory provisions pertaining to such notice and did post printed notices in three public places in said Town, to wit: Police Station, Library and Cumberland Town Hall, that the estate described in said notice (of the levy upon which notice was therein given) or so much thereof as would pay said sewer assessments with interest, costs and expenses thereon, would be sold at public auction in the Council Chambers, Town Hall, Cumberland, Rhode Island, on the 15th of September, 2005 at 10:00 A.M. Local Time;

AND WHEREAS, Thomas M. Bruce, III, Finance Director, did cause notice of said levy and time and place of sale to issue to FEDERAL HOME LOAN MORTGAGE CORP., 1410 SPRING HILL ROAD, MCLEAN, VA, 22102, upon whom said notice of certified mail to owner was served in accordance with statutory provisions pertaining to such notice; and to all others having any right, title and interest in and to said estate by publication;

AND WHEREAS, COLLEEN CONLEY, 1445 Wampanoag Trail, Suite 203, East Providence, RI, 02915 hereinafter called the grantee, at said sale, at public auction, at the time and place aforesaid, being the highest bidder, did purchase **ONE HUNDRED PERCENT (100%)** of the estate hereinafter described, for the sum of ONE THOUSAND FIVE HUNDRED EIGHT AND 68/100, that being the amount of said assessments remaining unpaid with interest, costs and expenses thereon;

EXHIBIT

B

RECORDED: 09/20/2005 02:02 PM
BK / PG : 001292 / 000466
Inst Num: 00007792
CUMBERLAND TOWN CLERK'S OFFICE
PAT SKURKA

NOW, THEREFOR, I, Thomas M. Bruce, III, Finance Director of said Town, for and in consideration of the sum of ONE THOUSAND FIVE HUNDRED EIGHT AND 68/100, to me in hand paid by said grantee, before the ensealing hereof, the receipt whereof, if hereby acknowledge, do hereby bargain, set, grant, alien and convey unto the said grantee, his heirs and assigns forever ONE HUNDRED PERCENT (100%) of the right, title and interest of the said FEDERAL HOME LOAN MORTGAGE CORP. OF MCLEAN, VA, and of all others having any right, title and interest in and to that certain tract or parcel of land with all the buildings and improvements thereon, located in the Town of Cumberland, and laid out and designated as PLAT 16, LOT 229, made for the use of the Tax Assessor, as the same appeared in the Office of the Tax Assessor on December 31, A.D. 2004 subject, however, to the right of redemption in accordance with the statutes made and provided.

IN WITNESS WHEREOF, I have hereunto set my hand this day , September, 2005, A.D.

Signed, sealed and delivered
In the presence of:

Thomas M. Bruce, III
Finance Director

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In the Town of Cumberland, this 20th day of September, A.D., 2005, before me personally appeared Thomas M. Bruce, III, Finance Director, to me known and known by me to be the person who executed the foregoing instrument, and he acknowledged said instrument by him executed to be his free and voluntary act and deed in his said capacity, and the free and voluntary act and deed of the Town of Cumberland.

Carol B Maroszalkowski

NOTARY PUBLIC
MY COMMISSION EXPIRES: 03/09/09

STATE OF RHODE ISLAND
Providence, SC.

SUPERIOR COURT

RECORDED: 10/10/2006 02:25 PM
BK / PG : [illegible]354 / 000314
Inst Num: [illegible]565
CUMBERLAND TOWN CLERK'S OFFICE
PAT SKURKA

COLLEEN CONLEY :
:
V. :
:
FEDERAL HOME LOAN MORTGAGE CORPORATION :

PM NO. 06-51[illegible]

**NOTICE OF FILING PETITION**

TO ALL WHOM IT MAY CONCERN:

COLLEEN CONLEY hereby gives notice that on September 29, 2006, She filed in the Superior Court for the County of Providence , a petition against FEDERAL HOME LOAN MORTGAGE CORPORATION to foreclose a tax lien acquired under a certain tax deed from the Collector of Taxes for the Town of Cumberland , County of Providence , State of Rhode Island, by instrument dated September 20, 2005 and recorded on September 20, 2005 in the Office of the Recorder of Deeds of the Town of Cumberland, State of Rhode Island, in Book 1292, at Page 485; which deed covers a certain parcel of land in the Town of Cumberland which is described as follows:

That certain lot or parcel of land with all the buildings and improvements thereon situated on Valley Street in the Town of Cumberland, County of Providence, State of Rhode Island and further designated as Lot 229 on Assessor's Plat 16.

Patrick T. Conley
PATRICK T. CONLEY, ESQUIRE
Attorney for the Plaintiff

**MAIL TO:**
Patrick T. Conley, Esq.
1445 Wampanoag Trial, Suite 203
East Providence, Rhode Island 02915

EXHIBIT
C

STATE OF RHODE ISLAND
Providence, SC.

RECORDED: 11/16/2006 02:22 PM
BK / PG : 001360 / 000197
Inst Num: 00015554
CUMBERLAND TOWN CLERK'S OFFICE
PAT SKURKA

SUPERIOR COURT

COLLEEN CONLEY :

V. : PM NO. 06-5124

FEDERAL HOME LOAN MORTGAGE :
CORPORATION :

**NOTICE OF DISPOSAL AND FINAL DECREE IN TAX LIEN CASE**

This is to certify that the Petition of COLLEEN CONLEY to foreclose a lien under a certain deed given by the Collector for the Town of Cumberland, recorded on September 20, 2005, in Book 1292 at Page 485 was filed in this Court on the 29th day of September, 2006.

Thereafter, due proceedings under said Petition were instituted according to law, and on November 14 2006, a Judgment forever foreclosing and barring all rights of redemption under said instrument was entered, and this notice is directed to be recorded in the Land Records of Town of Cumberland, pursuant to Section 44-9-44 of the General Laws of the State of Rhode Island. The legal and equitable title to the property located at 26 Valley Street, Cumberland, Rhode Island designated as Lot 229 on Assessor's Plat 16 is hereby vested in the Petitioner.

Dep CLERK 11-14-06

Dated: NOV 14, 06

Plat 16 Lot 229

26 VALLEY STREET

Mail to: Patrick T. Conley, Esquire
1445 Wampanoag Trail, Suite 203
East Providence, RI 02915