UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK W. BURNS and :
ELIZABETH BURNS :
:
v. : C.A. No: 07-CV-00054-S
:
COLLEEN CONLEY and FEDERAL :
HOME LOAN MORTGAGE :
CORPORATION :

# MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

## FACTS

In March 8, 1986, Plaintiffs, Mark W. Burns and Elizabeth Burns, bought certain property located at 26 Valley Street, Cumberland, RI, and took a mortgage from Pawtucket Institute for Savings ("Pawtucket Institute") dated July 16, 1986. The mortgage was assigned by Pawtucket Institute to Chase Manhattan Mortgage Corporation ("Chase") which in turn assigned the note and mortgage to Federal Home Loan Mortgage Corporation ("Freddie Mac") by assignment dated December 12, 1994 and recorded on December 15, 1994. That mortgage went into default. Freddie Mac conducted a foreclosure sale on February 21, 1995 and was the successful bidder. On February 24, 1995, Mark W. Burns filed a Chapter 13 Petition in the United States Bankruptcy Court for the District of Rhode Island.

Three weeks after the filing of that petition, Freddie Mac recorded a mortgagee's deed to itself despite having been served with a copy of the bankruptcy petition. As result of the recording of that deed, all the taxing authorities treated Freddie Mac as the true owner of the subject property and for ten years thereafter sent tax bills to Freddie Mac.

The propriety of the recording of the mortgagee's deed was litigated in the Bankruptcy Court. On July 6, 1995, Judge Votolato issued a Decision and Order, which held that the execution, delivery, and recording of the deed were all void and set aside the transfer. Importantly, that Decision and Order was recorded in the Land Evidence Records of the Town of Cumberland on March

13, 1996 at 9:14 a.m., at Book 662, Page 480. A true copy of that document, with the recording information endorsed thereon, is annexed to the Defendant's Motion to Dismiss. Despite the Court's finding that the transfer was void, no corrective deed was ever recorded. Ultimately, Mark Burns obtained a discharge in his Chapter 13 filing.

Freddie Mac had to have known that the recording of Judge Votolato's decision did not cause the various taxing authorities to recognize that the Plaintiffs were the true owners of this parcel, because it kept getting the tax bills. Indeed, Plaintiffs' bankruptcy attorney, Gary Hogan, made repeated requests of Harmon Law Offices, acting for Freddie Mac, to provide a corrective deed, but Freddie Mac did not provide one. Moreover, if the taxing authorities did not pick up on the significance of Judge Votolato's decision, clearly the rest of the world might not either, and a major function of the land evidence records – record notice - would be diluted.

On September 15, 2005, the Town of Cumberland conducted a tax sale including the subject premises. The sole notice provided by them was to Freddie Mac. Upon payment of $1,508.68, the Town of Cumberland transferred the property by Collector's Deed to Colleen Conley. A copy of the Collector's Deed is annexed to the Defendant's Motion. Thereafter, a petition to foreclose the equity of redemption was filed in the Superior Court for the County of Providence bearing civil action No: PM06-5124. No notice of that proceeding was served upon the Plaintiffs. Freddie Mac received notice of the petition but did nothing. A final decree was entered in that case vesting title in Colleen Conley. The first that the Plaintiffs learned of this was when they were contacted after the entry of that decree with a threat to evict them. This litigation was filed almost immediately thereafter.

## STANDARD OF REVIEW

Defendant, Freddie Mac, moves to dismiss the claim against it for Plaintiffs' failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The standard of review for such a Motion was recently reiterated in *Gray v. Derderian*, 404 F.Supp.2d 418, 421 (D.R.I. 2005).

> In the course of its analysis, the Court will assume that all allegations are true." *Gray v. Derderian*, 365 F.Supp.2d 218, 223 (D.R.I. 2005). The allegations and all reasonable inferences to be drawn from them will be

> construed in the light most favorable to Plaintiffs. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). As articulated by the United States Supreme Court, "the accepted rule {is} that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Defendant's motion will fail if "the well-pleaded facts, taken as true, justify recovery on any supportable legal theory." *Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000).
> Id. at 421.

## ARGUMENT

Freddie Mac recorded a deed to Plaintiffs' property in violation of bankruptcy's automatic stay. The Bankruptcy Court issued a decision, which became final, declaring that deed to be a nullity. Freddie Mac knew that the various taxing authorities still considered it to be the owner of the property, since it received tax bills for years. Despite this knowledge, Freddie Mac took no action. Freddie Mac then learned that the property was being auctioned at a tax sale, but still took no action. Freddie Mac then learned that a petition was being filed to foreclose the equity of redemption and transfer title to the buyer at the tax sale, and **even then** took no action whatsoever. Now, the Plaintiffs have to go to court to regain title to their home, and Freddie Mac alleges that is cannot see that it has caused them any harm.

Plaintiffs contend that Freddie Mac was negligent in failing to formally re-convey the subject premises to them. We are drawn to a familiar analysis of duty as originally defined by Justice Cardozo: "The risk reasonably to be perceived defines the duty to be obeyed, and risk imputes relation; it is risk to another or to others within the range of apprehension." *Palsgraf v. Long Island Railroad Co.*, 162 N.E. 99 (N.Y. 1928). Rhode Island's Supreme Court has re-affirmed the vitality of this principle as recently as 2005, in *Selwyn v. Ward*, 879 A.2d 882 (R.I. 2005). Here, Freddie Mac's improper recording of a deed placed the Plaintiffs in peril. The existence of this peril was re-enforced with every tax bill received by Freddie Mac and indelibly etched by the knowledge of the tax sale. Certainly these facts which the court must, at this point, accept as true (and, indeed, which Freddie Mac does not dispute) give rise to a colorable claim that Freddie Mac's actions created a duty of care toward the Plaintiffs; that it

breached that duty; and that breach proximately caused injury to the Plaintiffs, who lost their home without ever knowing what was going on.

Moreover, there is a duty of good faith implicit in any contract. *1800 South Street Associates v. Gencarelli*, 888 A.2d 46 (R.I. 2004). The duty extends to mortgage lenders. *Fleet National Bank v. Liuzzo*, 766 F.Supp. 61 (D.R.I. 1991). Freddie Mac violated this duty of good faith by failing to protect its borrower from the risk its own conduct created. It could not simply sit idly by getting tax bills, then tax sale notices, then foreclosure decrees, and say or do **absolutely nothing**. Accepting the allegations of the complaint as true, which the Court must at this point, leaves no alternative but finding proper grounds for asserting liability against Freddie Mac.

Finally, the persistence of this mortgagee's deed on the public record has, to say the least, created a cloud on the Plaintiffs' title to their home. Even undoing the tax sale, as clearly ought to happen, will only return the Plaintiffs to the *status quo ante*. Complete relief can only come from the recording of a corrective deed, which can only come from Freddie Mac. Therefore, even if Freddie Mac were correct that it had done nothing wrong, it would still be needed before the Court in order to give the Plaintiffs all the relief they need to rectify their situation. Thus, the Court should not allow Freddie Mac out of the case, or else the Plaintiffs can only get half way home.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and allow this matter to proceed to trial.

Plaintiffs,
By Their Attorneys,

/s/Peter J. Comerford, #3588
COIA & LEPORE, LTD.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383

**CERTIFICATION**

I hereby certify that I electronically filed a true copy of the within to David M. Rosen, Esquire, Harmon Law Offices, P.C., 150 California Street, P.O. Box 610389, Newton, MA 02458 and mailed a true copy to Patrick T. Conley, Esquire, Conley & Conley, 1445 Wampanoag Trail, Suite 203, East Providence, RI 02914 on this 21ST day of February, 2007.

/s/Peter J. Comerford, #3588