UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| | | Civil Action No. 1:07-cv-00054-S-DLM |
| MARK W. BURNS and ELIZABETH BURNS<br><br>Plaintiffs,<br><br>v.<br><br>COLLEEN CONLEY and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Defendants. | ) | DEFENDANT FEDERAL HOME LOAN MORTGAGE CORP'S MEMORANDUM IN REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS |

NOW COMES, Federal Home Loan Mortgage Corporation ("Freddie Mac"), through counsel, and submits this Memorandum in Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss.

Plaintiffs' Memorandum in Opposition to Motion to Dismiss ("Memorandum") fails to directly answer Freddie Mac's legal arguments in support of its Motion to Dismiss. Plaintiffs position attempts to muddle the proximate cause of their alleged loss. Plaintiffs initially acknowledge that the Bankruptcy Court "held that the execution, delivery, and recordation of the [foreclosure] deed were all void and set aside the transfer" (Memorandum, p 1, second ¶ ). They then appear – astonishingly - to admit that

they lost title to their property: "Now, the Plaintiffs have to go to court to regain title to their home…" (Memorandum, p 3, Argument, first ¶ ), and "that breach caused injury to the Plaintiffs, who lost their home…" (Memorandum, p 4, first and second lines). But, it remains Conley's unlawful tax sale upon which plaintiffs base their allegations that they were divested from ownership and not any act or omission of Freddie Mac; Freddie Mac's actions were properly redressed by the Bankruptcy Court in 1995.

Thus, Plaintiff's are simply overreaching in their claim for redress against Freddie Mac. Instead of adopting Freddie Mac's argument and acknowledging the strength of their position relative to the claims of Defendant Conley, Plaintiffs instead seek to cling to a negligence claim against Freddie Mac for the loss of their property: "Plaintiffs contend that Freddie Mac was negligent in failing to formally re-convey the subject premises to them." (Memorandum, p 3, third ¶.) Plaintiffs' negligence theory, predicated upon an alleged omission that occurred in 1995, comes either eight-and-a-half years or one-and-a-half years too late, depending upon whether the cause of action is governed by R.I. Gen laws §§ 9-1-14 (injuries to the person, generally) or 9-1-13(a) (all civil actions not otherwise limited), respectively.

As Plaintiffs would have it, notwithstanding "that the execution, delivery, and recordation of the [foreclosure] deed were all void [and the Bankruptcy Court] set aside the transfer" (Memorandum, p 1, second ¶ ), Freddie Mac nevertheless owed Plaintiffs a duty to take some action that was rendered unnecessary by order of the Bankruptcy

Court. It was rendered unnecessary because, as the Bankruptcy Court made abundantly clear, Plaintiffs never lost title to their property. What Plaintiffs are urging is that Freddie Mac should be held responsible for the ignorance of the Town of Cumberland and Defendant Conley, because these parties' representatives incompetently performed their title examinations and incorrectly concluded that Freddie Mac held title to the Plaintiffs' property. Conley cannot escape the fact that notice of the tax sale was not sent to the Plaintiffs as owners of the Property, and that Conley's omission is the proximate cause of Plaintiff's alleged loss.

Plaintiffs do not take issue with Freddie Mac's analysis of the legal issues. Plaintiffs do not argue that the Bankruptcy Court was wrong when it entered its order declaring the foreclosure sale and recording of the foreclosure deed to be void; and, Plaintiffs do not take issue with Freddie Mac's contention that the tax sale and subsequent foreclosure petition failed to comport with several applicable statutory requirements, thus rendering the sale to, and subsequent confirmation of title in, Defendant Conley, invalid. Moreover, when challenged to explain the nature and extent of the damages that Plaintiffs have allegedly suffered, Plaintiffs have nothing to offer save their claim that "the persistence of the mortgagee's deed on the public record has, to say the least, created a cloud on the Plaintiffs' title to their home." (Memorandum, p 4, third ¶.)

That Plaintiffs, or third parties with whom Freddie Mac has no relationship, are incapable of understanding, or unwilling to acknowledge, the true state of title to the property, does not create a basis to assert liability against Freddie Mac. That Plaintiffs *believe* that they have lost title to their property as a result of the negligence of Freddie Mac, when the facts and the application of the law to those facts demonstrates unequivocally that such is not the case, is not sufficient to state a claim for relief against Freddie Mac.

Respectfully submitted, this 5th day of March, 2007.

FEDERAL HOME LOAN MORTGAGE
CORPORATION

/s/ David M. Rosen
David M. Rosen
RIBA # 6609
HARMON LAW OFFICES, P.C.
150 California Street
P.O. Box 610389
Newton, MA 02458
(617) 558-0500
Fax (617) 527-0431

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Civil Action No. 1:07-cv-00054-S-DLM

| | |
|---|---|
| MARK W. BURNS and<br>ELIZABETH BURNS | ) |
| Plaintiffs, | ) |
| v. | ) |
| COLLEEN CONLEY and FEDERAL<br>HOME LOAN MORTGAGE<br>CORPORATION, | ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

I, David M. Rosen, hereby certify that a true copy of the Defendant Federal Home Loan Mortgage Corp's Memorandum in Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss was served on March 5, 2007 using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Peter J. Comerford
pcomerfo@coialepore.com

/s/ David M. Rosen
David M. Rosen

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

Colleen Conley
c/o Patrick T. Conley, Esq.
1445 Wampanoag Trail, Suite 203
East Providence, RI 02915

________/s/ David M. Rosen______
David M. Rosen