UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK W. BURNS and<br>ELIZABETH BURNS | : | |
| | : | |
| v. | : | C.A. No: 07-CV-00054-S |
| | : | |
| COLLEEN CONLEY and FEDERAL<br>HOME LOAN MORTGAGE<br>CORPORATION | : | |

**PLAINTIFFS' REPLY MEMORANDUM**

Plaintiffs submit this memorandum for the limited purpose of responding to certain specific allegations set forth in the Reply Memorandum filed by Freddie Mac. In that memorandum, Freddie Mac asserts that the Plaintiffs admit that Colleen Conley got good title to Plaintiffs' property. Plaintiffs neither intended nor made any such admission.

Plaintiffs fully and readily agree that Judge Votolato was correct in declaring that Freddie Mac never got title to their property. Plaintiffs fully and readily agree that the tax sale to Conley is subject to being set aside, as the true owners admittedly never got notice. Plaintiffs fully and readily agree that the clerical personnel in the Town of Cumberland ought to have listed the Plaintiffs as the record owner of the property. Moreover, the title examiner for Conley ought to have uncovered Judge Votolato's decision regarding the foreclosure deed.

Freddie Mac, however, ignores the fact that its recording of a void deed has placed a cloud on Plaintiffs' title. That cloud created the condition that led to the tax sale. The tax sale resulted in a decree of the Providence Superior Court purporting to vest title to the Plaintiffs' property in Colleen Conley.

Had Freddie Mac not violated the automatic stay in that fashion, Plaintiffs would not now be in the position they are in. Prudence, at least, dictates that Plaintiffs take affirmative action to set aside the decree purporting to vest title to their home in another. They would not be in that position if Freddie Mac had either not recorded the deed or, having recorded it, executed some documents clarifying the record in a manner acceptable to the Cumberland clerks. They have been unable to refinance the property, because

lenders do not believe them to be the record owners. As a result, their mortgage interest rate is far higher than would otherwise be the case.

While the Plaintiffs are both capable of and willing to understand that they are the true owners of their home, Freddie Mac has placed them in the position of having to defend that understanding in court.

Plaintiffs,
By Their Attorneys,

/s/Peter J. Comerford, #3588
COIA & LEPORE, LTD.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383

**CERTIFICATION**

I hereby certify that I electronically filed a true copy of the within to David M. Rosen, Esquire, Harmon Law Offices, P.C., 150 California Street, P.O. Box 610389, Newton, MA 02458 and mailed a true copy to Patrick T. Conley, Esquire, Conley & Conley, 1445 Wampanoag Trail, Suite 203, East Providence, RI 02914 on this 6th day of March, 2007.

/s/Peter J. Comerford, #3588