UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK W. BURNS and :
ELIZABETH BURNS :
:
v. : C.A. No: 07-CV-00054-S
:
COLLEEN CONLEY and FEDERAL :
HOME LOAN MORTGAGE :
CORPORATION :

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

**FACTS**

Plaintiffs seek a ruling pursuant to RCP Rule 12(c) for judgment on the pleadings. That rule provides that any party may move for judgment on the pleadings at any time after the pleadings are closed, if it is clear from the pleadings that they should prevail. The admissions contained in the answer filed by defendant, Colleen Conley ("Conley"), mandate that plaintiffs be granted the relief sought by them.

Conley claims to have acquired title to plaintiffs' residence as a result of a tax sale. Plaintiffs seek, as to Conley, a decree setting aside the tax sale on due process grounds. The relief sought against the co-defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac") has been resolved in a separate proceeding before this Court.

The complaint herein alleges that the tax sale of the subject premises was conducted without notice to the plaintiffs, and the subsequent petition to foreclose the equity of redemption was likewise pursued without notice to the plaintiffs. Conley's answer admits both of these allegations.[1] Plaintiffs are the owners of the subject premises, as the foreclosure deed purporting to vest title in the co-defendant is void, as set forth in the decision and order of Judge

[1] Conley's answer, filed with the Superior Court on or about February 7, 2007, appears not to have been placed in the file as of the Notice of Removal filed by the co-defendant on February 8, 2007. A copy is annexed hereto as Exhibit 1.

Votolato recorded in the Cumberland Land Evidence Records on March 13, 1996. (See copy annexed hereto as Exhibit 2).

Specifically, Conley admits in her answer that the Town of Cumberland conducted a tax sale on or about September 15, 2005 (Verified Complaint, Paragraph 22). She admits that the Town did not provide notice to the plaintiffs (Verified Complaint, Paragraph 25). She admits having purchased the property at that tax sale (Verified Complaint, Paragraph 27). She admits filing a petition to foreclose the equity of redemption (Verified Complaint, Paragraph 28). Finally, she admits that no notice of that petition was given to plaintiffs. (Verified Complaint, Paragraph 29). The only paragraph she actually denied was the allegation that the plaintiffs were entitled to notice of the tax sale (Verified Complaint, Paragraph 26). As to the remaining paragraphs, she neither admitted nor denied.

Conley asserts, or attempts to assert, two affirmative defenses, both of which amount to the same thing. The first "affirmative defense" cited is the tax sale statute, specifically Sections 11, 24, and 30. These sections deal with various aspects of the notice requirements for a tax sale, and none amount to an affirmative defense. None of them say the owners do not need to get notice.

The second "affirmative defense" is a citation to a Rhode Island Supreme Court opinion entitled *Phoenix J. Finnegan, a Rhode Island General Partnership v. Seaside Realty Trust, et al* 777 A.2d 548 (R.I. 2001). This case says that the holders of unrecorded interests (in that case, a lease) are not entitled to notice of a tax sale. Conley gets no help from this ruling here, since the plaintiffs had record title, and Judge Votolato's decision re-affirming that fact was on record at the time of the tax sale.

## ARGUMENT

The First Circuit, in an opinion by Judge Selya, has recently examined the requirements for granting judgment on the pleadings to a plaintiff. The case is entitled *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178 (1st Cir. 2006).

> Rule 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed but within such time as not to delay the trial." Id. Because such a motion calls for an assessment of the merits of the case at an embryonic

> stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof. *Rivera-Gomez v. deCastro*, 843 F.2d 631, 635 (1st Cir. 1988); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 1368 (3d ed. 2004). The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice. Cf. *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15-16 (1st Cir. 2003) (recognizing this principle in the Rule 12(b)(6) context). There is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point. *Rivera-Gomez*, 843 F.2d at 635.
>
> Id. at 182.

In this Memorandum, plaintiffs refer to, and have appended copies of, documents taken from public records, all of which are identified, with varying degrees of specificity, in the complaint. The Court may take judicial notice of these records, without converting this motion to a motion for summary judgment.

As noted, the jurisprudence regarding Rule 12(c) tracks that of 12(b)(6). The latter rule clearly allows consideration of matters outside the pleadings if they are subject to judicial notice.

> The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice. *See Beddal v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998); *Lovelace v. Software Spectrum Inc.,*78 F.3d 1015, 1017-1018 (5th Cir. 1996). From This amalgam, we extract the well-pleaded facts and draw all Reasonable inferences favorable to the complainant. *See Papasan v. Allain,* 478 U.S. 265, 283, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986); *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 52 (1st Cir. 1990).
>
> *Cruz v. Melecio*, 204 F.3d 14; 2000 U.S. App. LEXIS 2292 (1st Cir. 2000).

Due process requires that a taxpayer be given notice that his property is being sold for back taxes. *Jones v. Flowers*, 547 U.S. ____ (2006), *Pontes v. Cunha*, C.A. No: 02-4205 (D.R.I. 2004, Smith, J.), *Amy Realty v. Gomes*, 839 A.2d 1232 (R.I. 2004). Plaintiffs are, without question, the owners of the subject premises. Admittedly, they received no notice regarding either the tax sale or the petition to foreclose. Both should be vacated forthwith and the clerk of this Court directed to issue a certification pursuant to R.I.G.L. §44-9-43 to that effect.

The tax sale statute itself is quite clear in requiring notice to the owners. R.I.G.L. §44-9-11 requires notice to the present owner of record before conducting a tax sale. Unquestionably, the present owners of record are the plaintiffs. R.I.G.L. §44-9-24 allows a decree foreclosing the equity of redemption to be vacated in a separate action filed within a year of the decree. The decree in this case was entered November 14, 2006, and this action was filed on January 9, 2007. Upon a finding that the tax sale was invalid, the court clerk issues a certificate, pursuant to R.I.G.L. §44-9-43, setting forth that finding, which allows the tax title purchaser to get a referral from the municipality which conducted the sale.

## CONCLUSION

Plaintiffs' motion for judgment on the pleadings should be granted and an order issued voiding both the subject tax sale and the subsequent decree foreclosing their equity of redemption and directing the clerk to issue a certificate to that effect to Conley.

Plaintiffs,
By Their Attorneys,

/s/Peter J. Comerford, #3588
COIA & LEPORE, LTD.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383

**CERTIFICATION**

I hereby certify that I electronically filed a true copy of the within to David M. Rosen, Esquire, Harmon Law Offices, P.C., 150 California Street, P.O. Box 610389, Newton, MA 02458 and mailed a true copy to Patrick T. Conley, Esquire, Conley & Conley, 1445 Wampanoag Trail, Suite 203, East Providence, RI 02914 on this 13th day of March, 2007.

/s/Peter J. Comerford, #3588