STATE OF RHODE ISLAND
Providence, SC

SUPERIOR COURT

MARK W. BURNS and
ELIZABETH BURNS

V.

COLLEEN CONLEY, et al

PC No. 07-153

# ANSWER

Now comes Colleen Conley, defendant in the above-captioned case and answers as follows:

1. Admit as to statements 1, 2, 3, 4, 5, 6, 22, 23, 25, 27, 28, 29, 30 and 32.

2. Neither admit nor deny, but leave plaintiffs to their proof as to statements 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 31, 33, and 34.

3. Deny statement 26.

## AFFIRMATIVE DEFENSES:

1. RIGL Title 44, Chapter 9, especially Sections 11, 24, 30 and 31.

2. *Phoenix J. Finnegan, a Rhode Island General Partnership* v. *Seaside Realty Trust, et al*, 777 A.2d 548 (R. I., 2001).

COLLEEN CONLEY
By her attorney

Patrick T. Conley, Esq., #2211
1445 Wampanoag Tral, Suite 203
East Providence, RI 02915
(401) 273-1787 Fax (401) 273-1791

## CERTIFICATION

I hereby certify that on February 5, 2007 I mailed a copy of the within Answer, postage prepaid, first class mail to Peter J. Comerford, 226 South Main Street, Providence, RI 02903.

Linda M. Gallen

RECEIVED
FEB 07 2007
BY:..................

BK 662 PG 480

#1236

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - - x

In re: :

MARK W. BURNS : BK No. 95-10408
Debtor Chapter 13

- - - - - - - - - - - - - - - - - - - x

DECISION AND ORDER

APPEARANCES:

Gary M. Hogan, Esq.
Attorney for Debtor
14 Cedar Swamp Road
Smithfield, Rhode Island 02917

Daniel D. Gray, Esq.
Attorney for Federal Home Loan Mortgage Corporation
LAW OFFICES OF MARK P. HARMON
27 Needham Street
P.O. Box 388
Newton Highlands, Massachusetts 02161

Andrew Richardson, Esq.
Attorney for Chapter 13 Trustee
BOYAJIAN, HARRINGTON & RICHARDSON
182 Waterman Street
Providence, Rhode Island 02906

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

Heard on April 12, 1995, on the Motion of Federal Home Loan Mortgage Corporation ("FHL") for Relief from the Automatic Stay, and for leave to evict the Debtor from the property located at 26 Valley Street, Cumberland, Rhode Island.

At issue is whether the Debtor's rights in the property, as of the date of commencement of the case, are superior to those of a pre-petition, foreclosure sale purchaser who failed to record its deed prior to the bankruptcy filing.

## BACKGROUND

The relevant (and dispositive) facts are as follows: On February 21, 1995, FHL conducted a foreclosure sale of the subject property and was the successful bidder, in the amount of $70,583. Three days after the sale, on February 24, 1995, Mark Burns filed the instant Chapter 13 petition. The mortgagee's deed was executed/dated March 8, 1995, and on March 16, 1995, FHL recorded its deed in the Town of Cumberland land evidence records.

## DISCUSSION

In *Glenwood Assocs.*, 134 B.R. 1012 (Bankr. D.R.I. 1991),[1] we held, pursuant to 11 U.S.C. § 544(a)(3), that the filing of the

[1] On the purchaser's appeal from our order, the proceeding was remanded to the Bankruptcy Court by the District Court, in an unpublished Order. *See In re Glenwood Assocs., Inc.*, C.A. No. 91-660-T (D.R.I. June 25, 1992). Because the parties in *Glenwood* settled their dispute subsequent to the action of the District Court, the remanded order became moot. Nevertheless, we shall address here, as unfinished business, the District Court's concerns in *Glenwood*, since the identical issue is presented herein.



AO 72A
(Rev. 8/82)

bankruptcy petition prior to the recording of the mortgagee's deed subordinates the status of the foreclosure sale purchaser to the rights of the trustee, or the debtor standing in the trustee's shoes. 134 B.R. at 1012. *See also Smith v. Mooney (In re Smith)*, 155 B.R. 145, 147-49 (Bankr. S.D. W.Va. 1993); MacDonald v. Tack *(In re MacDonald)*, 164 B.R. 325, 330-31 (Bankr. C.D. Cal. 1994); *In re Walker*, 861 F.2d 597 (9th Cir. 1988); *but see In re Applewhite*, 106 B.R. 468 (Bankr. S.D. Miss. 1989).

Section 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such purchaser exists.

*Id. See also In re Mill Concepts Corp.*, 123 B.R. 938, 942 (Bankr. D. Mass. 1991).[2]

"[A]lthough the trustee's status is conferred by federal bankruptcy law, his rights vis-a-vis other parties are to be determined by reference to state law." *See Maine Nat'l Bank v. Morse (In re Morse)*, 30 B.R. 52, 54 (Bankr. 1st Cir. 1983); *Smith*, 155 B.R.

[2] 11 U.S.C. § 522(h) allows the debtor to exercise these avoidance powers if the trustee elects not to do so.



AO 72A
(Rev. 8/82)

at 147. In Rhode Island, which is a race-notice jurisdiction, the relevant State statute provides that:

> Every conveyance . . . shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated . . . .

R.I. Gen. Laws § 34-11-1; *see also Rhode Island Hosp. Trust Nat'l Bank v. Boiteau*, 376 A.2d 323, 326 (R.I. 1977); *Rebelo v. Cardoso*, 161 A.2d 806, 811 (R.I. 1960).

FHL argues, notwithstanding that its deed was recorded post-petition, that a bona fide purchaser would have had notice of the bank's interest by virtue of the foreclosure advertisements that appeared in the local newspapers. To support its position, FHL cites *McCannon v. Marston*, 679 F.2d 13 (3rd. Cir. 1982), which held that the trustee's strong arm powers under § 544(a)(3) did not overcome a condominium purchaser's unrecorded purchase agreement because, *under Pennsylvania law*, the purchaser's continuous possession of the unit constituted constructive notice to a hypothetical bona fide purchaser. *Id.* at 17. We agree that the Court in *McCannon* correctly noted that the words "without regard to any knowledge" in § 544(a) refer to any personal knowledge the trustee may have regarding the transfer, *id.* at 16; *see also In re Morse*, 30 B.R. at 54, and that § 544(a) "does not give the trustee any greater rights than he, or any other person would have as a bona fide purchaser or creditor *under state law.*" *Id.* (emphasis added.)

On the facts before us, however, we conclude that advertising the foreclosure sale did not provide notice, constructive or otherwise, *under Rhode Island law* to a subsequent bona fide purchaser. "It is well settled that a person who takes a conveyance, with notice of a prior unrecorded transfer, takes it subject to such transfer. A . . . [person], knowing that another has paid money for the deed or mortgage of an estate, cannot by procuring another deed and getting it first recorded, defeat the title of the prior grantee." *Bullock v. Whipp*, 15 R.I. 195, 197 (1885). Here, the notice afforded by a foreclosure advertisement cannot be equated with or elevated to the notice conferred by physical possession, as was the case in *McCannon*, or by the actual knowledge present in *Bullock*, and rule that on our facts, under Rhode Island law, a bona fide purchaser would have neither actual nor constructive notice of FHL's "interest."

We also conclude that the post-petition transfer of the property was at least a technical violation of the automatic stay, and is therefore void. *See In re CNN Development Corp.*, 112 B.R. 1, 2 (Bankr. D.R.I. 1990); *Smith*, 155 B.R. at 148. Under Rhode Island law, conveyances of land are required to be in writing, duly signed, acknowledged, delivered, and recorded. *See* R.I. Gen. Laws § 34-11-1. Here, the deed was not signed and acknowledged until March 8, 1995, 12 days after the bankruptcy petition was filed. *A fortiori*, a conveyance of the subject property did not occur prior to the



AO 72A
(Rev. 8/82)

BK 662 PG 485 04408

petition. *See Paliotta v. Celletti*, 68 R.I. 500, 502-503 (1943) (holding that title by deed only passes upon delivery of the deed, and that the date on the deed is presumed to be the [earliest possible] date of delivery). "[A] sale at auction of mortgaged real estate, without delivery of a deed, does not vest the legal title in the purchaser." *See Tripp v. Ide*, 3 R.I. 51, 53 (1854).[3]

For all of the foregoing reasons, we rule herein that: (1) because the petition was filed before FHL recorded its deed, the "statutory race" has been won by the Debtor, *see* R.I. Gen. Laws § 34-11-1, and the transfer is avoided pursuant to 11 U.S.C. § 544(a); and (2) title did not pass to FHL before the petition was filed because the execution, delivery, and recordation of the deed post-petition are all void under 11 U.S.C. § 362. Accordingly, FHL's Motion for Relief from Stay must be and is DENIED.

Enter Judgment consistent with this opinion.

Dated at Providence, Rhode Island, this 6th day of July, 1995.

Arthur N. Votolato

Arthur N. Votolato
U.S. Bankruptcy Judge

RECEIVED
Town of Cumberland
9:14AM MAR 13 1996
Marianne B. Mulholland Town Clerk
fd AP

[3] The transfer is probably also avoidable under 11 U.S.C. § 549(a) as a post-petition transfer. *See Smith*, 155 B.R. at 147-48. However, we do not so rule herein because, based upon the evidence presented, it is unclear whether the exception provided for in § 549(c) applies to the instant case.

True Copy
Susan M. Thurston
Clerk
By [signature]
Clerk
3/4/96



Entered on docket
Date: 7/6/95

AO 72A
(Rev. 8/82)