UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK W. BURNS and<br>ELIZABETH BURNS | : | |
| | : | |
| v. | : | C.A. No: 07-CV-00054-S |
| | : | |
| COLLEEN CONLEY and FEDERAL<br>HOME LOAN MORTGAGE<br>CORPORATION | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO REPORT AND RECOMMENDATION**

On May 7, 2007, Magistrate Judge David O. Martin issued a Report and Recommendation regarding two motions in this case. The first was the motion of defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac") to dismiss pursuant to Rule 12(b)(6). The second was the plaintiffs' motion for judgment on the pleadings pursuant to Rule 12(c). The report recommends granting the motion to dismiss pursuant to Rule 12(b)(6), which would eliminate from the case the defendant whose presence created the federal question, which occasioned the removal of this action. The report goes on to recommend that, in light of that ruling, the case be remanded to Superior Court in the State of Rhode Island for determination of the state law claims against the co-defendant, Colleen Conley.

The plaintiffs' object to the Report and Recommendation because its recommendation of granting the motion to dismiss is erroneous. If the motion to dismiss were to be denied, the considerations of comity, which led the Magistrate Judge to recommend prescinding from ruling on the 12(c) motion, would change dramatically, leading to the conclusion that that motion ought to be granted.

It is important to note that the Report and Recommendation, as a threshold matter, determines that this court has jurisdiction over this dispute despite the potential invocation of the Tax Injunction Act ("TIA"), 28 U.S.C. §1341, in that it arises from a tax sale conducted without any notice to plaintiffs, the owners of the subject parcel. Plaintiffs agree with this conclusion, even though they disagree, in part, with the reasoning used to reach that conclusion.

After a careful and closely reasoned analysis, the Report and Recommendation concludes that because Freddie Mac has the status of a federal agency, the TIA does not preclude ruling on the motion to dismiss due to a lack of subject matter jurisdiction. Plaintiffs accept and endorse this conclusion, but also urge that the TIA does not apply to the instant case because the plaintiffs are not seeking to enjoin the collection of any tax and are not attempting, as had been the case in *Pontes v. Cunha*, 310 F.Supp. 2d 447 (D.R.I. 2004), to undermine the entire system of tax collection based on tax sales.

The United States Supreme Court, in *Hibbs v. Winn,* 542 U.S. 88 (2004) ruled that the purpose Congress had in enacting the TIA was to prevent state taxpayers from coming to federal court to avoid paying their tax bill, but found that nowhere did the legislative history announce sweeping intent to prevent federal court interference with all aspects of state tax administration. *Id.* at 105. Importantly, *Hibbs* was decided **after** all the decisions relied upon in the Report and Recommendation for interpreting the TIA broadly. Following *Hibbs*, the Second Circuit ruled in *Luessenhop v. Clinton County*, 466 F.3d 259 (2nd Cir. 2006), that *Hibbs* allows a federal court to examine whether proper notice was given in a tax sale case to satisfy due process, without violating the TIA. That case looked at whether the forms of notice used, such as certified mail returned unclaimed, were sufficient to satisfy due process.

The case at bar does not even ask the court to go that far, since in this case it is undisputed that **no** notice of any kind was given to the plaintiffs before their house was sold to satisfy a sewer assessment. Plaintiffs do not deny that they owe the sewer assessment, and in fact, would have paid it had they received it. Plaintiffs urge this court to go beyond the restricted and, it is urged, outmoded view that the TIA would prohibit the federal court from looking at the due process considerations that are presented in the case at bar.

The Report and Recommendation, in reviewing the motion to dismiss, reviewed five factors in determining the element of duty in the negligence claim by the plaintiffs against Freddie Mac. The duty urged by the plaintiffs was to have Freddie Mac inform them that Freddie Mac became aware that the property was being sold at tax sale and that a petition to foreclose the equity of redemption had been filed to prevent them from losing title to their house, particularly since it was clear that plaintiffs were not separately notified of these events.

The issue of the harm they have alleged to have suffered in this case, which is one of those five factors, is a delicate one and needs to be defined precisely. The recording of the foreclosure deed by Freddie Mac in violation of the automatic stay did not, as a legal matter, divest the plaintiffs of legal title to the subject property, since it was found to be void. It did, however, create the **appearance** that they were not the **record** owners. They also knew that having placed the plaintiffs in that position the peril arose that manifested itself in 2004 at the tax sale and subsequent petition to foreclose the equity of redemption. The Report and Recommendation also misunderstands the plaintiffs' position regarding damages.

The Report and Recommendation (R&R, p. 12) indicates that plaintiffs are not pressing their claim for damages. That formulation is imprecise. Plaintiffs are not seeking damage from Conley, since the facts do not seem to support such a claim. As to Freddie Mac, the only reason plaintiffs were not asking for damages as of the April 23, 2007 hearing was that there was an agreement in place to resolve the dispute as to Freddie Mac. The agreement was that the claim for damages would be dismissed, but that affirmative relief would be granted to the extent of ordering the execution of a corrective deed by Freddie Mac. The consent order also contemplated directing the Cumberland Town Clerk to give effect to the corrective deed. Such effect could only be given at the conclusion of the case. Counsel for plaintiffs thereupon concluded that Freddie Mac would have to remain a party in the case to carry out the effect of the proposed consent order. Moreover, though plaintiffs do not have access to the tapes of the hearings in this matter, plaintiffs' counsel is confident that the proposed resolution, as discussed by the Magistrate Judge at the March 12, 2007 hearing, contemplated that Freddie Mac would stay in the case.

The Report and Recommendation correctly finds that the foreseeability of harm to the plaintiffs was high from a failure by Freddie Mac to inform the plaintiffs that there was a pending petition to foreclose the equity of redemption. The petition led to a decree declaring defendant, Colleen Conley ("Conley") to be the owner of the property. While both Freddie Mac and the plaintiffs have urged that the tax sale was void because it provided no notice to the owners, the decree nonetheless exists. By Rhode Island law, the decree becomes **absolute** if not challenged within a year. Had Conley simply waited a year before seeking to evict the plaintiffs, the plaintiffs would have been left **utterly** without recourse. But for the fact that Freddie Mac failed to inform them, (who knew who the true owners of the property were and who had a duty to inform the true owners that they were in jeopardy and breached that

duty) the plaintiffs would have filed an answer to the petition and, one assumes, would have prevailed in having the petition denied.

Under the "but for" analysis in Rhode Island of proximate cause, Freddie Mac's failure is at least the concurrent cause of the harm that resulted to plaintiffs. *Weeks v. Fletcher*, 29 R.I. 112 (1908), *Wells v. Uvex, Inc.*, 635 A.2d 1188 (R.I. 1994). See also, *Schenck v. Roger Williams General Hospital*, 119 R.I. 510 (1977). In any event a finding on proximate cause is fact-intensive and, therefore, inappropriate at this stage of the proceedings.

The Report and Recommendation goes on to find that there is an extensive burden with substantial adverse consequences to the community in adopting the duty urged in this case. The Report says that it is "likely that each month a corporation such as Freddie Mac receives hundreds, if not thousands, of notices relative to property for which it holds mortgages." (R&R at p. 18). The court goes on to find that these additional expenses would ultimately be reflected in higher costs to borrowers which would detrimentally affect the community.

There is absolutely no evidence in support of this conclusion. We do not know how many tax sales Freddie Mac properties are subject to each year nor do we know at this early stage whether there are, in fact, policies and procedures in place, or expenses already be paid for their implementation, to make sure that Freddie Mac's borrowers are aware of their tax sales. Ordinarily, lenders will pay delinquent taxes and add them to the loan balance, just to protect their security interest. They also alert borrowers to this delinquency for the same reason.

Importantly, having considered this factor, albeit improperly, the court goes on to find that there is, in fact, a duty and that the duty was, in fact, breached. The ruling on the motion to dismiss is based on a finding of a lack of proximate cause. Proximate cause is alleged in the complaint. It is not questioned that the well-pleaded allegations of the complaint must be accepted as true for the purpose of a 12(b)(6) motion. Therefore, particularly in light of the argument above that in fact Freddie Mac's negligence was, indeed, a proximate of this injury, the court erred in dismissing the complaint on this basis.

Because the Report and Recommendation urges dismissing the complaint, no substantive consideration is given to the motion for judgment on the pleadings.

Plaintiffs seek a ruling pursuant to FRCP Rule 12(c) for judgment on the pleadings. That rule provides that any party may move for judgment on the pleadings at any time after the pleadings are closed, if it is clear from the pleadings that they should prevail. The admissions contained in the answer filed by defendant, Colleen Conley ("Conley"), mandate that plaintiffs be granted the relief sought by them.

Conley claims to have acquired title to plaintiffs' residence as a result of a tax sale. Plaintiffs seek, as to Conley, a decree setting aside the tax sale on due process grounds.

The complaint herein alleges that the tax sale of the subject premises was conducted without notice to the plaintiffs, and the subsequent petition to foreclose the equity of redemption was likewise pursued without notice to the plaintiffs. Conley's answer admits both of these allegations.[1] Plaintiffs are the owners of the subject premises, as the foreclosure deed purporting to vest title in the co-defendant is void, as set forth in the decision and order of Judge Votolato recorded in the Cumberland Land Evidence Records on March 13, 1996. (See copy annexed hereto as Exhibit 2).

Specifically, Conley admits in her answer that the Town of Cumberland conducted a tax sale on or about September 15, 2005 (Verified Complaint, Paragraph 22). She admits that the Town did not provide notice to the plaintiffs (Verified Complaint, Paragraph 25). She admits having purchased the property at that tax sale (Verified Complaint, Paragraph 27). She admits filing a petition to foreclose the equity of redemption (Verified Complaint, Paragraph 28). Finally, she admits that no notice of that petition was given to plaintiffs. (Verified Complaint, Paragraph 29). The only paragraph she actually denied was the allegation that the plaintiffs were entitled to notice of the tax sale (Verified Complaint, Paragraph 26). As to the remaining paragraphs, she neither admitted nor denied.

Conley asserts, or attempts to assert, two affirmative defenses, both of which amount to the same thing. The first "affirmative defense" cited is the tax sale statute, specifically Sections 11, 24, and 30. These sections deal with various aspects of the notice requirements for a tax sale, and none amount to

---

[1] Conley's answer, filed with the Superior Court on or about February 7, 2007, appears not to have been placed in the file as of the Notice of Removal filed by the co-defendant on February 8, 2007. A copy has since been filed with the Court.

an affirmative defense. None of them say the owners do not need to get notice.

The second "affirmative defense" is a citation to a Rhode Island Supreme Court opinion entitled *Phoenix J. Finnegan, a Rhode Island General Partnership v. Seaside Realty Trust, et al* 777 A.2d 548 (R.I. 2001). This case says that the holders of unrecorded interests (in that case, a lease) are not entitled to notice of a tax sale. Conley gets no help from this ruling here, since the plaintiffs had record title, and Judge Votolato's decision re-affirming that fact was on record at the time of the tax sale.

The First Circuit, in an opinion by Judge Selya, has recently examined the requirements for granting judgment on the pleadings to a plaintiff. The case is entitled *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178 (1st Cir. 2006).

> Rule 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed but within such time as not to delay the trial." Id. Because such a motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof. *Rivera-Gomez v. deCastro*, 843 F.2d 631, 635 (1st Cir. 1988); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 1368 (3d ed. 2004). The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice. Cf. *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15-16 (1st Cir. 2003) (recognizing this principle in the Rule 12(b)(6) context). There is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point. *Rivera-Gomez*, 843 F.2d at 635.
>
> *Id.* at 182.

In this Memorandum, plaintiffs refer to, and have appended copies of, documents taken from public records, all of which are identified, with varying degrees of specificity, in the complaint. The Court may take judicial notice of these records, without converting this motion to a motion for summary

judgment. Indeed, the Report and Recommendation takes notice of these very documents.

As noted, the jurisprudence regarding Rule 12(c) tracks that of 12(b)(6). The latter rule clearly allows consideration of matters outside the pleadings if they are subject to judicial notice.

> The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice. *See Beddal v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998); *Lovelace v. Software Spectrum Inc.,*78 F.3d 1015, 1017-1018 (5th Cir. 1996). From This amalgam, we extract the well-pleaded facts and draw all Reasonable inferences favorable to the complainant. *See Papasan v. Allain,* 478 U.S. 265, 283, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986); *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 52 (1st Cir. 1990).
>
> *Cruz v. Melecio*, 204 F.3d 14; 2000 U.S. App. LEXIS 2292 (1st Cir. 2000).

Due process requires that a taxpayer be given notice that his property is being sold for back taxes. *Jones v. Flowers*, 547 U.S. ____ (2006), *Pontes v. Cunha*, 310 F.Supp. 2d 447, *Amy Realty v. Gomes*, 839 A.2d 1232 (R.I. 2004). Plaintiffs are, without question, the owners of the subject premises. Admittedly, they received no notice regarding either the tax sale or the petition to foreclose. Both should be vacated forthwith and the clerk of this Court directed to issue a certification pursuant to R.I.G.L. §44-9-43 to that effect.

The tax sale statute itself is quite clear in requiring notice to the owners. R.I.G.L. §44-9-11 requires notice to the present owner of record before conducting a tax sale. Unquestionably, the present owners of record are the plaintiffs. R.I.G.L. §44-9-24 allows a decree foreclosing the equity of redemption to be vacated in a separate action filed within a year of the decree. The decree in this case was entered November 14, 2006, and this action was filed on January 9, 2007. Upon a finding that the tax sale was invalid, the court clerk issues a certificate, pursuant to R.I.G.L. §44-9-43, setting forth that finding, which allows the tax title purchaser to get a referral from the municipality which conducted the sale.

## CONCLUSION

For the reasons set forth above and in Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss as well as Plaintiff's Memorandum of Law in Support of Motion for Judgment on the Pleadings, plaintiffs respectfully request that this court reject the Magistrate Judge Martin's Report and Recommendation, deny the defendant's Motion to Dismiss pursuant to Rule 12(b)(6), grant the Plaintiffs' Motion for Judgment on the Pleadings pursuant to Rule 12(c), and order such other relief as this court may deem just and proper.

Plaintiffs,
By Their Attorneys,

/s/ Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax

## CERTIFICATION

I hereby certify that I electronically filed a true copy of the within to David M. Rosen, Esquire, Harmon Law Offices, P.C., 150 California Street, P.O. Box 610389, Newton, MA 02458 and mailed a true copy to Patrick T. Conley, Esquire, Conley & Conley, 1445 Wampanoag Trail, Suite 203, East Providence, RI 02914 on this 16th day of May, 2007.

/s/Peter J. Comerford, #3588