UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK W. BURNS and | : | |
| ELIZABETH BURNS | : | |
| | : | |
| v. | : | C.A. No: 07-CV-00054-S |
| | : | |
| COLLEEN CONLEY and FEDERAL | : | |
| HOME LOAN MORTGAGE | : | |
| CORPORATION | : | |

**Memorandum of Law in Support**
**Of**
**Plaintiffs' Post-Judgment Motions**

On November 7, 2007, this Court entered judgment in favor of the plaintiffs pursuant to the decision of Judge Smith dated November 2, 2007. That decision explicitly held that the tax sale by means of which defendant acquired title was invalid, and the decree foreclosing their equity of redemption was likewise invalid. The procedure following such a finding is set forth in the tax sale statute, specifically, R.I.G.L. § 44-9-43, which provides as follows:

**44-9-43 Refund of purchase price when title based on collector's sale, treasurer's assignment, or sale without foreclosure adjudged invalid. –** If, as the result of a petition, the petitioner's title based on a collector's sale, treasurer's assignment, or sale without foreclosure is determined to be invalid by the superior court because of errors or irregularities in the tax proceedings upon which it was based, the clerk, upon request, shall issue a certificate to that effect. The treasurer of the city or town where the land affected by the title is situated, upon receipt of a deed from the petitioner conveying all of the interest which he or she may have under it, together with the certificate, shall refund to the holder the amount paid, therefore plus statutory interest at the rate of one percent (1%) per month from the date of payment until the date of refund, notwithstanding the provisions of § 45-15-5. The taxing authority may recover any interest paid to a tax sale purchaser under this section from the delinquent assessed owner of the property as if the tax sale of the property had not been held.

The plaintiffs request that this Court direct the clerk thereof to issue a Certificate of Invalidity in the form annexed hereto. They further pray for an order directing the said defendant to execute, within ten (10) days of granting the within motions, a deed re-conveying the subject premises to co-defendant. Co-defendant will thereupon execute, and plaintiffs shall record, a corrective deed pursuant to the consent order entered between the parties.

Plaintiffs,
By Their Attorneys,

/s/ Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax

**CERTIFICATION**

I hereby certify that I electronically filed a true copy of the within to David M. Rosen, Esquire, Harmon Law Offices, P.C., 150 California Street, P.O. Box 610389, Newton, MA 02458 and mailed a true copy to Patrick T. Conley, Esquire, Conley & Conley, 1445 Wampanoag Trail, Suite 203, East Providence, RI 02914 on this 10th day of December, 2007.

/s/Peter J. Comerford, #3588